# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-4029

LUIS ARMANDO PAEZ RESTREPO, *et al.*,

*Petitioners*,

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.

ARGUED SEPTEMBER 11, 2009—DECIDED JUNE 28, 2010

Before EASTERBROOK, *Chief Judge*, and POSNER and
WOOD, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Luis Paez Restrepo arrived
in the United States in 1999 as a crew member of a vessel
and did not leave with that vessel. His wife and three
children arrived later on tourist visas; they did not
leave when their visas expired. Paez eventually was
placed in removal proceedings. Because he had entered
as a crew member, without a visa, he was placed in
what are called "asylum only" proceedings, see 8 C.F.R.

§1208.2(c)(1)(i)(C), but the phrase is a misnomer. The alien may oppose removal not only by seeking asylum but also by asking for withholding of removal on account of hazards to his safety in his native land. 8 C.F.R. §1208.2(c)(3)(i).

In 2002 Paez requested asylum, 8 U.S.C. §1158, contending that members of his family are at risk in Colombia from the rebel FARC (Fuerzas Armadas Revolucionarias de Colombia, usually translated as Revolutionary Armed Forces of Colombia). Paez contended that the government is unwilling to protect farmers from FARC. He added that he is a member of the Liberal Party, which is at odds with FARC, and sought withholding of removal under 8 U.S.C. §1231(b)(3), and the benefit of the Convention Against Torture, implemented by 8 C.F.R. §1208.16. His wife and children joined the requests for withholding of removal and protection under the Convention. Their claims are derivative from his; we do not discuss them separately.

An immigration judge concluded that the request for asylum is untimely. Section 1158(a)(2)(B) gives an alien one year from arrival to request asylum. Paez took three. Although an alien who "demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application" (§1158(a)(2)(D)) may be entitled to extra time, the IJ was not impressed by Paez's explanation that until 2002, when peace talks between FARC and Colombia's gov-

ernment broke down, Paez thought that it would (soon) be safe for him to return home. The Board of Immigration Appeals remarked that FARC has been in armed insurrection for decades, and that the failure of proposals for peace demonstrates the *absence* of change rather than a material adverse development.

That ruled out asylum, and the IJ added that Paez is not eligible for withholding of removal because neither he nor any member of his family (nor any of the family farm's employees) has been attacked or faces an objectively significant risk. The BIA agreed, and we have jurisdiction to review the order notwithstanding the difference between asylum-only proceedings and the normal removal process. *Mitondo v. Mukasey*, 523 F.3d 784, 787 (7th Cir. 2008).

Although we have jurisdiction to review the order of removal, we lack jurisdiction to review the agency's rejection of the untimely request for asylum. "No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." 8 U.S.C. §1158(a)(3). Paragraph (2) is the one allowing the Attorney General to accept an untimely request based on materially changed circumstances. *Kucana v. Holder*, 130 S. Ct. 827 (2010), does not affect §1158(a)(3). *Kucana* concluded that 8 U.S.C. §1252(a)(2)(B)(ii), another review-limiting statute, does not apply to administrative decisions exercising discretion under a regulation, but does block review of decisions exercising discretion conferred by statute. Even if §1252(a)(2)(B)(ii) were relevant to Paez's situation, the fact that §1158(a)(2) is a

statutory grant of discretion would mean that the administrative decision is unreviewable.

Paez contends that §1252(a)(2)(D), which allows review of legal contentions notwithstanding statutes such as §1158(a)(3), authorizes us to review the BIA's application of the law to the facts of his situation—and that this is so even if there is no dispute about the Board's understanding of the governing legal rules. One court of appeals has supported this contention, see *Ramadan v. Gonzales*, 479 F.3d 646 (9th Cir. 2007), but nine other courts of appeals have rejected it. See *Gomis v. Holder*, 571 F.3d 353, 358–59 (4th Cir. 2009) (collecting cases). We are among the many limiting §1252(a)(2)(D) to strictly legal controversies—meaning that the parties contest a legal issue, and that the alien wins if the law provides what he says it does and loses if it provides what the agency says it does. See *Jiménez Viracacha v. Mukasey*, 518 F.3d 511 (7th Cir. 2008). Paez asks us to switch sides in this conflict, but we shall adhere to *Jiménez Viracacha* unless the statute is amended or the Supreme Court approves the ninth circuit's position. Paez's request for asylum therefore is not reviewable in this court.

The request for withholding of removal is open to review, and Paez observes that the Board made a questionable statement about land-owning farmers as a "social group." (His theory is that he and his family are at risk because of their membership in this group.) The Board doubted that farmers are a "visible" group, using "visible" in the sense of "displaying attributes apparent to passers-by." We disapproved that approach in *Gatimi*

*v. Holder*, 578 F.3d 611 (7th Cir. 2009), because persecutors may have other ways of locating their targets.

But this aspect of the Board's reasoning does not matter, given its further conclusion that Paez's farm-operating relatives, and their tenants and employees, have not been attacked or even threatened by FARC. The Board concluded that Paez had not established a "clear probability" (the applicable burden of persuasion, see *INS v. Stevic*, 467 U.S. 407 (1984)) that he would be at risk from FARC should he return to Colombia. His lawyer conceded at oral argument that substantial evidence supports the agency's conclusion. It follows that the Board did not err in concluding that Paez had failed to make the necessary showing—that "the alien's life or freedom would be threatened in [his native] country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §1231(b)(3)(A). And because the Convention Against Torture has an even higher standard, lack of success under §1231(b)(3)(A) forecloses relief under the Convention as well.

The petition for review is denied.