**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BAO TAI NIAN,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-73643

Agency No. A074-394-421

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 12, 2012—San Francisco, California

Filed June 28, 2012

Before: Ferdinand F. Fernandez, Ronald M. Gould, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

## COUNSEL

Christy A. Chouteau, Aguirre Law Group A.P.C., San Diego, California, for the petitioner.

Eric W. Marsteller, U.S. Department of Justice, Office of Immigration Litigation, Civil Division, Washington, DC, for the respondent.

## OPINION

BEA, Circuit Judge:

Bao Tai Nian ("Bao"), a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Bao arrived in the United States as an alien crew member. His asylum proceeding was thus limited in scope—a so-called "asylum-only" proceeding. Because the Immigration Judge ("IJ") and BIA did not issue a final order of removal, this case presents the question whether we have jurisdiction to consider Bao's petition. We conclude that we have jurisdiction over the petition, and we deny review.

## I.   Content of "asylum-only" proceedings.

This case involves an "asylum-only" proceeding under 8 C.F.R. § 208.2(c). "Asylum-only" proceedings apply to certain groups of aliens who are not entitled to full asylum proceedings under the Immigration and Nationality Act ("INA"), including alien crew members, stowaways, and aliens who have entered the country under the Visa Waiver Program. 8 C.F.R. § 208.2(c)(1). These classes of aliens may have been given limited and temporary permission to enter the United States, as is the case for crew members landing temporarily in the United States and for visitors to the United States under the Visa Waiver Program. However, these limitations mean that these aliens may not challenge their removal, except that they may apply for asylum. *See, e.g.*, 8 U.S.C. § 1282(b) ("[A]ny immigration officer may, in his discretion, if he determines that an alien is not a bona fide crewman, or does not intend to depart on the vessel or aircraft which brought him . . . remove[ ] [the crewman] from the United States . . . ."); 8 U.S.C. § 1187(b)(2) ("An alien may not be provided a waiver under the [Visa Waiver Program] unless the alien has waived any right . . . to contest, other than on the basis of an application for asylum, any action for removal of the alien.").

"Asylum-only," however, does not mean that the petitioner is limited to asylum in the relief he seeks. 8 C.F.R. § 208.2(c)(3)(i). No, he may also seek withholding of removal and protection under the CAT in the "asylum-only" proceeding. *Id.*; 8 C.F.R. § 1240.1(a)(1)(iii).[1] The limited scope of the proceedings means that parties are prohibited from raising "any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility

---

[1]The proceedings would more aptly be called "asylum *and* withholding of removal *and* protection under the CAT-only." *See Restrepo v. Holder*, 610 F.3d 962, 964 (7th Cir. 2010) ("the phrase ['asylum-only'] is a misnomer" because the alien may also ask for withholding of removal).

for any other form of relief." 8 C.F.R. § 208.2(c)(3)(i). Since the alien is considered removable—otherwise he would not be in this proceeding—the IJ will not issue a final order of removal; the IJ determines only whether the petitioner is entitled to asylum, withholding of removal, or protection under the CAT. *Id.* If the petitioner is not entitled to any of the limited relief specified, he is removable and there is no bar to his removal. So understood, we proceed to consider Bao's claims.

## II.   Petitioner's factual claims; proceedings below.

Bao was a crew member aboard the *Zhih Yung*, a fishing vessel seized by the Coast Guard near San Diego. The Coast Guard found over 150 Chinese nationals on the ship and arrested the crew members for alien smuggling. Bao agreed to serve as a material witness in the U.S. government's prosecution, and he signed a statement against the alien smugglers —so-called "snakeheads." He was listed as a government witness, but he did not testify in open court.

Bao filed for asylum, withholding of removal, and protection under the CAT. In his application, Bao cited two types of persecution as the basis of his claims: he had been persecuted for violating China's one-child policy and feared further persecution if he returned, and he feared persecution at the hands of the snakeheads for having openly agreed to be a witness against them in the United States.

Bao's application was dismissed by the IJ for lack of jurisdiction because Bao was an alien crew member, and alien crew members must file "asylum-only" applications. The BIA affirmed the IJ's dismissal. The Department of Homeland Security ("DHS") subsequently brought the current "asylum-only" proceedings under 8 C.F.R. § 208.2(c) by serving Bao with a Form I-863. On June 4, 2004, the IJ denied Bao's applications for asylum, withholding of removal, and protection under the CAT. The BIA affirmed without opinion. Bao petitioned for review in the Ninth Circuit. The Ninth Circuit

granted DHS's unopposed motion to remand to the BIA to consider a letter from an Assistant United States Attorney. The letter recommended that Bao be permitted to remain in the United States after having given the government information and agreeing to be listed as a government witness in the prosecution of the snakeheads. The BIA again dismissed Bao's appeal, this time in a written decision. Bao timely petitioned for review.

### III. Jurisdiction to consider petitioner's petition for review of denial of relief in "asylum-only" proceedings.

**[1]** Under 8 U.S.C. § 1252(a)(1), we have jurisdiction to review a "final order of removal." The "asylum-only" proceedings below were conducted pursuant to 8 C.F.R. § 208.2(c) because Bao entered the country as an alien crew member. Thus, the IJ and BIA denied Bao's claims for asylum, withholding of removal, and protection under the CAT, but did not issue a final order of removal. We therefore must answer the question whether the BIA's denial of asylum in "asylum-only" proceedings is the equivalent of a final order of removal such that we have jurisdiction under 8 U.S.C. § 1252(a)(1).[2]

**[2]** We have never addressed this issue in a published opinion. The four circuits to have considered the question all held that they had jurisdiction over "asylum-only" proceedings even in the absence of a final order of removal. *See Restrepo v. Holder*, 610 F.3d 962, 964 (7th Cir. 2010) (exercising jurisdiction over alien crew member's petition in "asylum-only" proceedings); *Mitondo v. Mukasey*, 523 F.3d 784, 787 (7th Cir. 2008); *Shehu v. Att'y Gen.*, 482 F.3d 652,

---

[2]The parties submitted letter briefs on the issue and both agree that this court has jurisdiction to review Bao's petition. However, "we have the obligation to confirm our jurisdiction *sua sponte*" before reaching the merits. *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 763 (9th Cir. 2007).

656 (3d Cir. 2007); *Kanacevic v. INS*, 448 F.3d 129, 134-35 (2d Cir. 2006) *Nreka v. Att'y Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005). The Second, Third, Seventh and Eleventh Circuits all concluded that jurisdiction lies over "asylum-only" proceedings because the BIA's denial of relief is the "functional equivalent" of a final order of removal. *E.g.*, *Kanacevic*, 448 F.3d at 134.

[3] An alien crew member who lands in the United States without authorization or whose authorization is revoked is not entitled to a hearing and is statutorily required to be "removed from the United States at the expense of the transportation line which brought him." 8 U.S.C. § 1282(b); *see also* 8 C.F.R. § 252.2(b) (an alien crew member whose landing permit has expired may be "removed from the United States without a hearing, except as provided in § 208.2(b)(1)," the asylum-only statute); 8 U.S.C. § 1284(c). Thus, Bao is already removable, pending only the result of his "asylum-only" proceedings. Once he is denied any relief, Bao can be removed by "any immigration officer." 8 U.S.C. § 1282(b).

As the Second Circuit stated in *Kanacevic*, "Although the denial of asylum in [an 'asylum-only']³ case does not occur in the context of removal proceedings, denial of the asylum application is the functional equivalent of a removal order . . . ." 448 F.3d at 134. The panel continued, "Were we to elevate form over substance by holding that the disposition of asylum-only proceedings does not function as a final order of removal to confer jurisdiction, we would create uncertainty over exactly what procedure [an 'asylum-only'] applicant could pursue in order to obtain review of his or her asylum proceedings in the Courts of Appeals." *Id.* at 135. *See also Mitondo*, 523 F.3d at 787 ("an order that is proper only if the

---

³*Kanacevic* considered the jurisdictional issue in the context of a Visa Waiver Program applicant. 448 F.3d at 134. Visa Waiver Program applicants are subject to the same "asylum-only" proceedings as alien crew members. 8 C.F.R. § 208.2(c)(1)(iii).

alien is remov*able* implies an order of removal" (emphasis in original)).

Further, we have stated in a different context that, in certain circumstances, "the BIA's order dismissing [an] appeal on the question of asylum is necessarily a final order . . . [because] the [BIA] considered and decided the merits of the appeal before dismissing it." *Junming Li v. Holder*, 656 F.3d 898, 904 (9th Cir. 2011) (exercising jurisdiction to review the BIA's denial of asylum where the BIA also remanded for completion of background checks required before withholding of removal could be granted).

**[4]** For the same reasons as expressed in the opinions of our sister circuits, we hold that the denial of an alien crew member's petition for asylum and other relief in "asylum-only" proceedings is the "functional equivalent" of a final order of removal. Such an order constitutes a "final order of removal" within the meaning of 8 U.S.C. § 1252(a)(1). Thus, we have jurisdiction to review Bao's petition from the BIA's denial of asylum, withholding of removal, and protection under the CAT.

## IV.   Merits of petitioner's claims.

For the reasons stated in a separate memorandum disposition filed concurrently with this opinion, we deny Bao's petition for review.

**PETITION DENIED.**