
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ALLDRIN LINO DSOUZA, | ) | No. 06-74639 |
| | ) | |
| Petitioner, | ) | Agency No. A098-139-167 |
| | ) | |
| v. | ) | **MEMORANDUM**<sup>*</sup> |
| | ) | |
| ERIC H. HOLDER Jr., Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2012<sup>**</sup>
San Francisco, California

Before:    FERNANDEZ, GOULD, and BEA, Circuit Judges.

Alldrin Lino D'Souza, a native and citizen of India, petitions for review of

---

<sup>*</sup>This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

<sup>**</sup>The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

the Board of Immigration Appeals' denial of his application for asylum,[1]

withholding of removal,[2] and Convention Against Torture (CAT) relief.[3] We have

jurisdiction[4] and we deny the petition.

The BIA's determination that an alien is not eligible for asylum must be

upheld if "'supported by reasonable, substantial, and probative evidence on the

record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.

Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence

presented . . . was such that a reasonable factfinder would have to conclude that the

requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d

1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse

determination, "he must show that the evidence he presented was so compelling

that no reasonable factfinder could fail to find the requisite fear of persecution."

Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. The same standard applies

---

[1]8 U.S.C. § 1158.

[2]8 U.S.C. § 1231(b)(3).

[3]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

[4]We have jurisdiction to review the petition in this "asylum-only" proceeding for the reasons stated in Nian v. Holder, ___ F.3d ___, No. 07-73643, slip. op. 7685 (9th Cir. June 28, 2012).

to credibility determinations.  See Lanza v. Ashcroft, 389 F.3d 917, 933 (9th Cir. 2004); Alvarez-Santos v. INS, 332 F.3d 1245, 1254 (9th Cir. 2003).  However, when a determination is based upon credibility, "'a specific, cogent reason'" for disbelieving the alien must be offered.  Guo v. Ashcroft, 361 F.3d 1194, 1199 (9th Cir. 2004).

We have reviewed the record and we are satisfied that the BIA's decision was supported by substantial evidence.[5]  The BIA determined that D'Souza lacked credibility because of inconsistencies that went to the heart of his asylum and other pre-REAL ID Act claims.  See Kaur v. Gonzales, 418 F.3d 1061, 1064–65 (9th Cir. 2005); Li v. Ashcroft, 378 F.3d 959, 962–63 (9th Cir. 2004).  When it came to the most significant evidence of persecution, the death of his father and D'Souza's own political activity in India, his credibility was severely compromised.  The date, place, manner and reporting for his father's death were subject to numerous inconsistencies, and D'Souza's claim of political activity was undercut by his failure to know the name of the organization for which he claimed to have labored day and night.  In short, we are unable to say that a "reasonable factfinder would

---

[5]Because the BIA cited Matter of Burbano, 20 I. & N. Dec. 872, 874 (B.I.A. 1994) and also gave its own specific reason that D'Souza was not credible, we review both the determinations of the BIA and those of the Immigration Judge (IJ). See Joseph v. Holder, 600 F.3d 1235, 1240 (9th Cir. 2010); cf. Tamang v. Holder, 598 F.3d 1083, 1088 (9th Cir. 2010).

3

have to conclude that the requisite fear of persecution existed." Elias-Zacarias, 502 U.S. at 481, 112 S. Ct. at 815.

Because D'Souza did not meet his burden regarding asylum, he necessarily failed to establish eligibility for withholding of removal. See Farah, 348 F.3d at 1156; Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir. 1995).

Finally, the evidence in the record does not compel a determination that it is more likely than not that D'Souza would be tortured in India. Thus, he is not entitled to CAT relief. See Wakkary v. Holder, 558 F.3d 1049, 1067–68 (9th Cir. 2009); Almaghzar v. Gonzales, 457 F.3d 915, 922–23 (9th Cir. 2006); Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir. 2006).

We have also considered D'Souza's claim that there were problems with the interpreters,[6] and because of that he should have been granted a continuance of the proceedings before the IJ.[7] However, he has failed to point to any instance of faulty translation that actually influenced the outcome of the proceeding,[8] and, in

---

[6]See Hartooni v. INS, 21 F.3d 336, 340 (9th Cir. 1994); see also Perez-Lastor v. INS, 208 F.3d 773, 778 (9th Cir. 2000).

[7]See Cui v. Mukasey, 538 F.3d 1289, 1292 (9th Cir. 2008).

[8]See Hartooni, 21 F.3d at 340.

4

fact, he communicated quite well in English.[9]  We perceive no prejudice under the circumstances.

Petition DENIED.

---

[9]The proceedings after D'Souza decided to go forward without an interpreter bear this out.  He agreed to be cross-examined in English, although the government was willing to waive cross-examination.