NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued January 28, 2014
Decided January 30, 2014

Before

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 13-2296 | |
| BOGDAN MAZUR,<br>    *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | |
| ERIC H. HOLDER, JR.,<br>Attorney General of the United States,<br>    *Respondent*. | |

**Order**

Bogdan Mazur, a citizen of Australia and Poland, did not leave when his visa expired. Fourteen years later, after being arrested and charged with crimes, he came to the attention of immigration officials. He conceded that he lacks any right to remain in this nation but sought cancellation of removal on the ground that his children would suffer hardship if he had to leave the United States.

An immigration judge concluded that, even if Mazur is eligible for that relief, he does not deserve it because of his criminal conduct: Mazur tried to frame his wife for a

criminal offense, planting cocaine and a gun to inculpate her, then lying to the police. Mazur pleaded guilty to disorderly conduct and was sentenced to 320 days in prison; other charges were dismissed. The IJ thought Mazur's conviction to represent a crime of moral turpitude, which made him ineligible for discretionary relief, and that at all events the nature of the acts leading to his conviction show him to be a reprehensible person who does not deserve administrative benefits. (Cancellation of removal requires an exercise of administrative discretion, and "good moral character" is necessary, 8 U.S.C. §1229b(b)(1)(B), unless the alien had permanent-residence status, as Mazur did not.) The Board of Immigration Appeals affirmed on the latter ground, ruling that it is unnecessary to decide whether Mazur has been convicted of a crime of moral turpitude.

By the time the Board acted, Mazur's first wife had divorced him and he had married again. His second wife, a citizen of the United States, filed an application for a visa on his behalf, and Mazur sought reopening so that he could apply for adjustment of status to permanent residence as a citizen's spouse. 8 U.S.C. §1151(b)(2)(A)(i), §1255(*i*). The Board denied that motion, stating that Mazur's criminal conduct is such a blot against him that it outweighs any equities in his favor.

We dismiss Mazur's petition for judicial review. When a decision on the merits is fully reviewable, a discretionary decision denying a motion to reopen also is reviewable. See *Kucana v. Holder*, 558 U.S. 233 (2010); *Calma v. Holder*, 663 F.3d 868 (7th Cir. 2011). But when a statute commits the merits to the Board's discretion and forbids judicial review, as it does for cancellation of removal—see 8 U.S.C. §1252(a)(2)(B)(i), which lists discretionary decisions under §1229b as non-reviewable—the court also lacks jurisdiction to review the Board's denial of a motion to reopen. See *Cruz-Mayaho v. Holder*, 698 F.3d 574, 577 (7th Cir. 2012); *Zambrano-Reyes v. Holder*, 725 F.3d 744, 749 & n.2 (7th Cir. 2013). There is an exception to that rule: strictly legal arguments (whether based on the Constitution, a statute, or a regulation) always are reviewable. 8 U.S.C. §1252(a)(2)(D). Mazur contends that he comes within that proviso. He does not.

Mazur's sole contention, in both the opening brief and the reply brief, is that the Board abused its discretion when denying his motion to reopen. Abuse of discretion is almost the opposite of a legal argument; a contention that the evidence does not support the decision also falls outside §1252(a)(2)(D). See *Jiménez Viracacha v. Mukasey*, 518 F.3d 511 (7th Cir. 2008); *Paez Restrepo v. Holder*, 610 F.3d 962 (7th Cir. 2010).

Counsel for Mazur hinted in his reply brief, and maintained at oral argument, that the Board committed a legal error by not considering all of the equities Mazur advanced in his own favor. Yet the Board wrote that it had considered them and found them inadequate to overcome the gravity of his crimes. Mazur insisted that we should disre-

gard such declarations and force the Board to prove that it has considered all equities by listing each of the arguments the alien advances. Neither in brief nor at argument did counsel identify any statute, regulation, or precedential decision of the Board establishing such a requirement. It is enough for the Board to consider the arguments; it said that it had done so; unless we were to create a presumption of administrative error, that declaration is enough to scotch an argument based on §1252(a)(2)(D).

The petition for review is dismissed for want of jurisdiction.