**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4000
_____

ERROL OLIVER MUIRHEAD, a/k/a JASON HOCK, a/k/a DENNIS KING

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                                                                Respondent

Errol Oliver Muirhead,
                                                                Petitioner
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-220-239)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 20, 2015

Before:  RENDELL, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 26, 2015)

_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se petitioner Errol Muirhead petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. We will dismiss the petition in part and deny it in part.

I.

Muirhead is a native and citizen of Jamaica who entered the United States in 2000 on a C-1 crewman's visa, which he overstayed. In 2001 and 2003, Muirhead was convicted of Fourth Degree Criminal Sale of Marijuana in New York state court. In 2001, he was also convicted of Fourth Degree Criminal Possession of Marijuana in New York state court. Muirhead's wife, whom he married in 1996, is a United States citizen, and apparently filed an I-130 petition for Muirhead in 1997. It appears that the petition was granted but that Muirhead's application for an immigrant visa was terminated because he had not responded to the U.S. Embassy's correspondence regarding his application. Muirhead's subsequent application to adjust his status was denied in 2006 in light of his controlled substance convictions.

In 2013, while Muirhead was incarcerated for a different offense, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"). The NTA charged Muirhead as removable for having overstayed his visa, see 8 U.S.C. § 1227(a)(1)(B), and for having been convicted of a controlled substance violation, see 8 U.S.C. § 1227(a)(2)(B)(i). At a hearing before the Immigration Judge ("IJ"), Muirhead conceded that he was removable as charged, and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

2

Muirhead asserted that he had been persecuted in Jamaica due to his political opinion, and that he feared persecution by his political enemies if he was made to return. He asserted that his mother had been a high-ranking member of the PNP political party, and that he had also been active in the party. His claim rested on an incident that occurred in December 1985, when his house was attacked and his girlfriend was beaten by a group of people whom he believed to be part of an opposition political party. He and the assailants engaged in a "shooting match," but the assailants escaped. Although the police responded to Muirhead's call for help, he did not trust them and moved to another area of Jamaica. He did not have any other contact with the police about the incident. Muirhead remained in Jamaica without incident for the next 15 years. He stated that he feared returning because he believed that the people who attacked his house in 1985 would still be looking for him. However, he still has family in Jamaica, including his sister, who lives a few blocks away from the house where his girlfriend was attacked. Muirhead's sister has not had problems with any opposition political parties.

In a November 2013 decision, the IJ denied Muirhead's request for asylum as untimely and determined that he had not established that he was eligible for withholding of removal or protection under the CAT. In March 2014, the BIA affirmed in part and remanded in part the IJ's decision. In particular, the BIA affirmed the IJ's decision that Muirhead was removable as charged and that he was time-barred from filing an asylum application. However, the BIA remanded the case as to Muirhead's application for withholding of removal, directing the IJ to address whether Muirhead had suffered past persecution in Jamaica such that he would be eligible for the presumption that he would

3

face future persecution. The BIA also stated that Muirhead should be given the opportunity to explain the absence of corroborating evidence concerning his claim of past persecution.

On remand, the IJ withdrew and vacated her negative findings and inferences concerning Muirhead's lack of corroboration. The IJ then determined that, even though Muirhead had testified credibly, he had not established past persecution because he did not demonstrate that the government of Jamaica was unwilling or unable to control the men who attacked his house and beat his girlfriend. The IJ also stated that Muirhead was not convincing in his assertion that the assault was based on his or his mother's political opinion because he remained in Jamaica for another 15 years without incident.

The BIA affirmed the IJ's decision on remand in a September 2014 opinion. The BIA agreed with the IJ's analysis, and stated that, "[g]iven the police response on the night of the December 1985 incident and the notable lack of attacks thereafter, we have no grounds for concluding that the Jamaican Government was unwilling or unable to control the respondent's attackers." (A.R. at 3.) The BIA stated that Muirhead also did not establish a clear probability that he would be persecuted in the future, and determined that the application for withholding of removal was properly denied. Next, the BIA stated that it would not address Muirhead's application for CAT protection because he did not advance any arguments with respect to this application. Finally, the BIA rejected Muirhead's assertion that he may be eligible for cancellation of removal and adjustment of status, stating that his convictions for the sale of marijuana rendered him ineligible for such relief.

4

Muirhead has now filed a petition for review, which the Government opposes.

II.

We have jurisdiction to review final orders of the BIA pursuant to 8 U.S.C. § 1252. Although Muirhead challenges the determination that he is removable under § 1227(a)(2)(B)(i), we agree with the agency's reasoning and find no error in its conclusion that he is removable on that basis.[1] Accordingly, our jurisdiction here is limited to reviewing constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Leslie v. Att'y Gen., 611 F.3d 171, 174 (3d Cir. 2010). This jurisdiction "includes review of the BIA's application of law to undisputed fact." Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006).

The Government argues that Muirhead's petition for review should be dismissed because it fails to raise a *colorable* question of law or constitutional claim. See Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010). "To determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining

---

[1] Muirhead asserts that he should have been in the "asylum-only" proceedings reserved for crewman. See 8 C.F.R. § 1208.2(c)(1). However, as the BIA stated, after taking "a closer look at the facts and the [Immigration and Nationality] Act," the Government and the IJ ultimately decided that the removal proceedings were proper. (A.R. at 172.) Assuming for the sake of argument that Muirhead should have been placed in asylum-only proceedings, we conclude that any such error was harmless. See Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (holding that this Court "will view an error as harmless and not necessitating a remand to the BIA when it is highly probable that the error did not affect the outcome of the case"). As the BIA explained, Muirhead "benefited from being afforded all the procedural requisites of plenary removal proceedings, rather than the more limited proceedings for crew members that the DHS had referenced at the hearing." (A.R. at 172); see 8 C.F.R. § 1208.2(c)(1); Nian v. Holder, 683 F.3d 1227, 1228 (9th Cir. 2012) (discussing asylum-only proceedings for crew members).

5

jurisdiction or is wholly insubstantial and frivolous.'" Id. (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006)). While we agree with the Government that we lack jurisdiction to review some of Muirhead's claims on this basis, we conclude that he has raised some colorable claims over which we have jurisdiction.

Muirhead challenges the BIA's holding that he is not eligible to apply for cancellation of removal or adjustment of status because he is inadmissible by virtue of his drug convictions pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II). This claim, while colorable, is nevertheless meritless. Muirhead asserts that the BIA erred because his convictions were not aggravated felonies or drug trafficking convictions. His argument is misguided, as inadmissibility under the relevant section requires only that the alien was convicted of "a violation of . . . any law . . . relating to a controlled substance." 8 U.S.C. § 1182(a)(2)(A)(i)(II). Thus, one can be inadmissible even if the controlled substance offense is not an aggravated felony or a drug trafficking offense. Further, as the BIA explained, inadmissibility under this section renders one ineligible for cancellation of removal and adjustment of status. See 8 U.S.C. § 1229b(b)(1)(C); 8 U.S.C. § 1255(a).

We also retain jurisdiction to review the BIA's denial of Muirhead's request for withholding of removal to the extent that Muirhead challenges the agency's application of law to undisputed fact. See Singh, 432 F.3d at 541. To obtain withholding of removal, Muirhead must demonstrate that it is more likely than not that his life or freedom would be threatened in Jamaica on account of his race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1231(b)(3)(A); Singh v. Gonzales, 406 F.3d 191, 196 (3d Cir. 2005). For the reasons

6

explained by the BIA, we agree with the agency that Muirhead did not meet that standard. Further, despite Muirhead's argument, the BIA applied the correct standard of review in its assessment of the IJ's decision.[2] See 8 C.F.R. § 1003.1(d)(3) (stating that the BIA may not reverse an IJ's factual findings unless they are clearly erroneous and that it reviews the IJ's legal conclusions de novo).

We have considered Muirhead's remaining claims and conclude that they do not constitute colorable constitutional claims or questions of law. Accordingly, they will be dismissed.[3]

We therefore dismiss the petition for review in part and deny it in part.

---

[2] To the extent that Muirhead claims that the BIA violated his due process rights, no such violation is apparent. The BIA considered his arguments and the evidence in the record in making its decision, and was "not required to write an exegesis on every contention." Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002) (quotation marks omitted).

[3] To the extent that Muirhead challenges the determination that his asylum application was untimely, we are statutorily barred from reviewing such a determination unless the petitioner raises constitutional or legal claims related to timeliness. See Sukwanputra v. Gonzales, 434 F.3d 627, 633-34 (3d Cir. 2006). Because Muirhead does not do so (he merely asserts that he did not apply for asylum earlier because he thought he was eligible for other forms of relief and did not understand the law), we lack jurisdiction to review his asylum challenge.