**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATIENCE CHIMA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-70158

Agency No. A096-434-713

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015**

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Patience Chima, a native and citizen of Nigeria, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to remand and

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, and protection under the

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010), and for abuse of discretion the denial of a motion to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). We deny the petition for review.

As an initial matter, the BIA did not abuse its discretion in denying Chima's motion to remand proceedings to the IJ for adjustment of status because the IJ lacked jurisdiction to consider her adjustment application. *See* 8 C.F.R. § 1208.2(c)(3)(i) (in asylum-only proceedings, "all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief"); *see also Nian v. Holder*, 683 F.3d 1227, 1228 (9th Cir. 2012) (an alien may seek asylum, withholding of removal, and CAT protection in an asylum-only proceeding, but no other forms of relief).

Chima testified she suffered mistreatment by witch doctors in Nigeria which she did not report to authorities. The record does not compel the conclusion that the government of Nigeria was unable or unwilling to protect Chima. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (record did not compel conclusion that the government was unable or unwilling to control persecutors);

*Rahimzadeh*, 613 F.3d at 920-22 (discussing various means by which a petitioner may fill the "gap in proof" left by the absence of a report to the police). Thus, Chima's asylum and withholding of removal claims fail. *See Rahimzadeh*, 613 F.3d at 923.

Finally, substantial evidence supports the BIA's denial of CAT relief because Chima did not establish that it is more likely than not she will be tortured by the Nigerian government or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**