NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 6 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| HRAIR NAZARI; JOULIET AKBARY MASIHY; SELINA NAZARI; SEVADA NAZARI, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.   14-72035 <br><br> Agency Nos.   A088-290-114 <br> A088-290-115 <br> A088-290-116 <br> A088-290-492 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before:   REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Hrair Nazari, Jouliet Akbary Masihy, Selina Nazari, and Sevada Nazari,

natives of Iran and citizens of Germany, seek review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's

---

\*   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

decision denying their applications for asylum. We have jurisdiction under 8 U.S.C. § 1252. *See Bao Tai Nian v. Holder*, 683 F.3d 1227, 1229-30 (9th Cir. 2012). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The record does not compel the conclusion that the government of Germany was or would be unwilling or unable to control the individuals petitioners fear. *See Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008) (declining to second-guess an IJ's construction of a somewhat contradictory country report where the IJ rationally construed the report and analyzed petitioner's specific situation); *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (record did not compel a finding that the government was unable or unwilling to control perpetrators where petitioner did not give the police the names of any suspects and the police investigated but were unable to solve the crime).

Thus, we uphold the BIA's denial of petitioners' asylum claims.

**PETITION FOR REVIEW DENIED.**