**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARINE MAZAN, | No. 14-73527 |
| Petitioner, | Agency No. A088-478-905 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 12, 2019
Pasadena, California

Before: KELLY,** PAEZ, and BADE, Circuit Judges.

Carine Mazan, a native and citizen of France, entered the United States

under the Visa Waiver Program. About three years after her arrival, she filed an

application for asylum, withholding-of-removal, and withholding-of-removal

under The Convention against Torture and Other Cruel, Inhuman or Degrading

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Treatment or Punishment (CAT). The Immigration Judge (IJ) found Mazan competent to proceed and denied her application. The Board of Immigration Appeals (BIA) affirmed the IJ's denial. We deny Mazan's petition for review.

**1.** After reviewing the supplemental briefs, we conclude we have jurisdiction over Mazan's petition for review.[1] We agree with the government that the referral of Mazan to an IJ for consideration of her asylum application in conjunction with the agency's denial of her application is the functional equivalent of a final order of removal. *See Bao Tai Nian v. Holder*, 683 F.3d 1227, 1229–30 (9th Cir. 2012); *Nicusor-Remus v. Sessions*, 902 F.3d 895, 898–99 (9th Cir. 2018).

**2.** The IJ did not err in conducting the competency inquiry required by *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011). The IJ noted that Mazan had presented an "indicia of incompetency," and proceeded to evaluate whether Mazan had a rational understanding of the nature and object of the proceedings. She reviewed Mazan's personal and medical history and allowed Mazan a reasonable opportunity to consult with an attorney and examine and present relevant evidence. Because the IJ concluded Mazan was competent to proceed, she was not required to select and employ safeguards for the proceeding. *Id.* at 481–82. In addition, substantial evidence supports the IJ's conclusion that Mazan was competent.

---

[1] Although not germane to our jurisdictional holding, we grant the government's request for judicial notice, Dkt. No. 93.

**3.** We decline to review whether Mazan was entitled to counsel under the Rehabilitation Act. This issue is raised only by an amicus curiae, and was not adopted by Mazan in her briefing. *See, e.g.*, *Russian River Watershed Prot. Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1141 (9th Cir. 1998); s*ee also Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n.10 (9th Cir. 2003) ("In the absence of exceptional circumstances, which are not present here, we do not address issues raised only in an amicus brief.").

The petition for review is **DENIED.**