NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD SIMONIAN; DAVID SIMONIAN; ALEX SIMONIAN, | No. 23-4117 |
| Petitioners, | Agency Nos. A205-777-317 A205-777-319 A205-777-320 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2024**
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

Edward Simonian and his two children (collectively "Simonian") petition for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing their

appeal of an immigration judge's ("IJ") denial of their applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction over this asylum-only petition under 8 U.S.C. § 1252. *Bao Tai Nian v. Holder*, 683 F.3d 1227, 1230 & n.1 (9th Cir. 2012) (noting that the term "asylum only" is a misnomer because a petitioner may also seek withholding of removal). We review legal questions de novo and factual findings for substantial evidence, and accept factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quotation marks and citation omitted). "We review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quotation marks and citation omitted). We deny the petition for review.

1. Simonian asks us to remand for the BIA to address the IJ's adverse credibility determination. But because Simonian does not "coherently develop" this argument, we conclude that he has forfeited it. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (quotation marks and citation omitted). Moreover, even assuming that he was credible, his petition would still fail.

2. Simonian challenges the agency's finding that he had not suffered past

---

[1] Simonian did not appeal the denial of CAT protection to the BIA and does not present any argument related to his claim for CAT protection on appeal.

persecution because he failed to demonstrate that the government of the United Kingdom was unable or unwilling to control Simonian's attackers. Among other things, an asylum applicant must establish past persecution or a well-founded fear of future persecution on account of a protected ground to be statutorily eligible for asylum. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1022–23 (9th Cir. 2010); *see Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004) ("[C]ourts consider the same factors to determine eligibility for both asylum and withholding of removal," but the standard of proof for withholding of removal is higher, requiring a "higher probability of persecution.") (quotation marks and citation omitted). To show past persecution, the applicant must show that "the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan*, 592 F.3d at 1023 (citation omitted). "[U]nwillingness or inability to control persecutors is not demonstrated simply because the police ultimately were unable to solve a crime or arrest the perpetrators, where the asylum applicant failed to provide the police with sufficiently specific information to permit an investigation or arrest." *Doe v. Holder*, 736 F.3d 871, 878 (9th Cir. 2013). Rather, "a country's government is not 'unable or unwilling' to control violent nonstate actors when it demonstrates efforts to subdue said groups." *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) (citation omitted).

Substantial evidence supports the BIA's finding that the U.K. government

demonstrated efforts to subdue Simonian's attackers. The record establishes that police responded to Simonian's complaints and took reports of his allegations. Regarding the 2011 incidents involving his café, Simonian gave descriptions of his attackers but was otherwise unable to identify them and did not see who later vandalized the café. After the 2013 incident in the park, police were unable to find anyone matching Simonian's description of the attackers. We are "reluctant to infer government complicity or indifference from the mere fact that" police were unable to find "unknown assailants." *Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010). Furthermore, police consistently responded to Simonian's complaints. For example, when Simonian's neighbor allegedly attacked him, police investigated, failed to find independent evidence that confirmed who the initial aggressor was, and closed the case. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (explaining that police inability to solve crimes did not demonstrate that the government was unable or unwilling to control nonstate actors). The evidence does not compel the conclusion that the U.K. government was unable or unwilling to control Simonian's attackers or that it would be unable to do so in the future. *See id.*

**PETITION DENIED.**

23-4117