NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAN LIN,<br><br>                Petitioner,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>                Respondent. | No.   16-72747<br><br>Agency No. A016-090-622<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026**
Pasadena, California

Before:  WARDLAW, OWENS, and DE ALBA, Circuit Judges.

San Lin, a native and citizen of Burma, petitions for review of a decision of

the Board of Immigration Appeals ("BIA") dismissing his appeal of an

Immigration Judge's ("IJ") order denying his applications for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT").  We

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252(a)(1). *See Bao Tai Nian v. Holder*, 683 F.3d 1227, 1230 (9th Cir. 2012) ("[T]he denial of [a noncitizen] crew member's petition for asylum and other relief in 'asylum-only' proceedings is the 'functional equivalent' of a final order of removal . . . within the meaning of 8 U.S.C. § 1252(a)(1). Thus, we have jurisdiction to review [Lin's] petition from the BIA's denial of asylum, withholding of removal, and protection under the CAT."). We deny the petition for review.

"When the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (per curium) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1184 (9th Cir. 2006)). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.*

1.      Substantial evidence supports the IJ's holding that Lin did not suffer harm rising to the level of past persecution. *See id.* ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citation omitted)). Lin was hit once on the arm by a club while he was being arrested at a student protest, was interrogated and slapped "[t]wo or three times," and was forced to sign a form pledging not to

2

take part in any anti-government demonstration in the future before being released. Lin did not require medical attention for any injuries sustained during this incident. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("The first, and often a significant consideration [in assessing past persecution], is whether the petitioner was subject to 'significant physical violence,' and, relatedly, whether he suffered serious injuries that required medical treatment." (quoting *Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir. 2003))). The record does not compel the conclusion that Lin suffered past persecution.

2. Substantial evidence supports the IJ's conclusion that Lin did not establish a well-founded fear of future persecution. *See Duran-Rodriguez*, 918 F.3d at 1029. Lin lived in Burma for almost 11 years without suffering persecution, and the record does not compel the conclusion that he would be persecuted if he is removed to Burma. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (holding that a noncitizen did not have a well-founded fear of future persecution even though he was detained, harassed, and was required to report several times for "follow-up visits" to the police station because he "did not suffer further problems with the government while he was in China[,] . . . was allowed to retain his government job, and he traveled freely without interference from the Chinese authorities").

3. Because Lin cannot establish that he suffered past persecution or has a

well-founded fear of future persecution, his application for asylum fails. *See*

*Duran-Rodriguez*, 918 F.3d at 1029. Because Lin "must satisfy a more stringent

standard" to qualify for withholding of removal, "it necessarily follows that he has

not established eligibility for withholding." *Id.*

4. Substantial evidence supports the IJ's conclusion that Lin does not

qualify for protection under CAT. Lin has not suffered torture in the past, and the

record does not compel the conclusion that he is more likely than not to be tortured

by, or with the consent or acquiescence of, the Burmese government if he is

removed to Burma. *See* 8 C.F.R. § 1208.16.

**PETITION DENIED.**[1]

---

[1] Lin's Motion to Stay Removal is DENIED as moot. *See* Dkt. No. 1. The temporary stay will dissolve when the mandate issues.